## MARTIN BARRISS CO v CLEVELAND (city)

Ohio Common Pleas, Cuyahoga Co

No 389326. Decided July 31, 1934

## OPINION

By McMAHON, J.

The court, after a complete resume of the entire evidence taken from copious notes made during the trial of the case, and from the trial briefs filed by both litigants, has come to this conclusion: that the City's act by the different declaratory resolutions was an encroachment upon plaintiff's land and restricted the plaintiff's right and control over it notwithstanding the peaceful entry by consent of all parties and the permission and the right of the city to expend moneys and make certain borings and tests and typographies of the acreage that it was about to acquire.

Nevertheless the court finds that such peaceful entry became unlawful and a trespass on the part of the city due to its action in the unnecessary delay in going forward with the appropriation of the properties and that the failure upon the part of the city to either compromise and buy the property outright or in the event that it was unable to come to a mutual purchase price for the same that there was a tremendously unnecessary delay in going forward and appropriating the property under the law and that such action on the part of the city has been unexplained, to-wit, a period of almost eight years prior to the filing of this action has elapsed, and that such action was wrongful and that the defense of reasonable diligence and unavoidable delay due to lack of finances has not been established on the part of the city.

It is apparent from the record evidence that the city of Cleveland had an income of a net profit almost every year of anywhere from $200,000 to $800,000 from the operation of the City Waterworks Department, that in furtherance of the building of this proposed extended plant or waterworks the base of which was to be the plant, pump works and waterworks at the Nottingham site the city issued bonds which were sold in the year 1925, 1929 and 1932 in excess of $8,000,000, and some of that money was used for the extension of water pipes which would eventually link up to the Nottingham works proposition, but the most of that money was used for other purposes, to-wit, the buying up of other city bonds and placing them in what is known as the city treasury fund investment, and that on many occasions there were sufficient funds with which the city for an amount arrived at either by compromise or appropriation could have purchased the property.

The court finds that the plaintiff company was placed in the position of suspense and uncertainty due to the needless and lengthy delay on the part of the City notwithstanding the numerous protests and complaints on the part of the plaintiff company, with no method devised whereby the plaintiff company could meet emergencies with a system by conducting a way going manufacturing business in the operating of two different plants. The right and power of the city to eminent domain is an arbitrary one which should not be abused at the expense of the property owner and the passing of the declaratory resolutions were the actions which gave life to the appropriation of this particular property and was such appropriation until an ordinance was passed and actual condemnation proceedings took place.

The court further finds that the statute of limitations has no application even if the action came under the four year statute of limitations it couldn't start to run until the city had a reasonable time in which to carry out its appropriation. However, §11227 GC provides that an action for relief not hereinbefore provided for shall be brought within ten years. This is an action for relief to remove a cloud on the property and damages for the city's wrongful acts and was instituted within eight years of the original entry upon the land and the passage of the declaratory resolution of the necessity and intent to appropriate upon the part of the city. Due, however, to the fact that the city of Cleveland at this time has on its record of council proceedings never cancelled or repealed its last declaratory resolution of the necessity and intent to appropriate this particular property, the court is of the opinion that the statute of limitations never did start to run against the plaintiff company and that the plaintiff company in this ac-

tion has established its right to recover substantial damages for its actual loss and should be compensated therefor.

Plaintiff company offered evidence to show damages due to duplication of its power house work by duplication of its superintendent, its double cost of maintenance, its increase of taxes and insurance, the extra costs of the operation of auto trucks between the two plants, the extra cost of the handling of the lumber and the requirement to have two crews of millwrights, its depreciation of machinery due to the double use of the same, in fact anything and everything that went to the duplication of work required by the wrongful action of the city. From all of the evidence without any conflict on the subject, damages amounted to the sum of $285,663.76 from the period of the time of the first declaratory resolution up to the filing of the original petition in this action.

The court further finds that the plaintiff company's loss to its St. Clair Avenue or Nottingham property, to-wit the twenty acres or the northerly part thereof of the entire acreage was the difference between the value of the property in July of 1925 and the value of that same twenty acres in July, 1934, which, from all of the testimony, the court believes should be in the sum of $70,000.

The court makes no award for damages to the Third Street property. It is of the opinion that that property not being the subject of the trespass itself, and not being the subject of the declaratory resolutions of the city council, that any damages, depreciation and taxes, that did flow due to the actions of the city and affecting the Third Street real estate are entirely too remote and could not possibly have been within the contemplation of either of the parties hereto.

A judgment may be therefore taken in the sum of $285,663.76 plus the sum of $70,000.00, the amount of the plaintiff company's damage to its acreage known as the Nottingham site, the total amount of the judgment being $355,663.76.

The court further orders that the declaratory resolution now pending of record upon the records of the council of the city of Cleveland be stricken from said record and that said premises be forever quieted from any such cloud upon the title of the same and for costs of this proceeding, for which judgment is rendered. A decree may be drawn O. S. J.